④

FILED
JAN 11 2006
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                              )    Case No. 05-22372-C-7
                                    )
MONTE BEACH and MAUREEN BEACH,      )    DC Nos. F&F-1
                                    )            F&F-2
                                    )            F&F-3
                Debtor(s).          )

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MOTIONS TO AVOID LIEN**

Trial was held on January 10, 2006, on the debtors' motion to avoid three judicial liens that are alleged to impair their homestead exemption in their residence. These findings of fact and conclusions of law are rendered pursuant to Federal Rule of Civil Procedure 52, as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014, in this core proceeding.

<u>FINDINGS OF FACT</u>

The debtors, Monte Beach and Maureen Beach, own real property commonly known as 567 Cochise Circle, South Lake Tahoe, California.

On the date of the filing of the petition in this case, March 4, 2005, there was a consensual note and deed of trust in the amount of $277,579.39 that constituted a lien on the property.

In addition, there was a tax lien in the amount of $7,872.22.

The debtors claimed an exemption under California Code of Civil procedure § 704.730(a)(2), which permits an exemption up to $75,000.

There are three judgment liens against the residence, which were recorded in the following order of priority:

1   (1) $5,303.52 (JT Roadrunner);

2   (2) $25,893.77 (Lennox Industries); and

3   (3) $14,415 (South Tahoe Plumbing).

The sums stated are the sums owed as of the date of the filing of the case on March 4, 2005.

The value of the residence as of the date of the filing of the petition was $390,000.

## CONCLUSIONS OF LAW

The trial of the contested matter was a straightforward "battle of the experts," in which two appraisers, who have experience appraising residences in South Lake Tahoe, opined as to value and explained why their version should be accepted over that of the opposing appraiser.

The debtors' expert contended the value of the property in the relevant date was $345,000. The expert presented by Lennox Industries contended the value of the property was $400,000.

The court is required to make its on independent determination of value based upon the evidence and is not restricted to accepting one of the two values that is presented by the parties.

After listening carefully to the testimony, the court is persuaded that the expert engaged by Lennox Industries presented the more persuasive case regarding value. Nevertheless, the court is also persuaded that the estimate of $400,000 should be adjusted downward to reflect some of the matters raised by the debtors.

The location of the property actually abutting a national forest, as opposed to abutting building lots that are in public ownership, is, the court is persuaded, an important feature of the

property. In addition, when one examines the "comparable" sales, it is appropriate that there be an adjustment to reflect a measurable rate of increase in value that was occurring within the Tahoe area market leading up to March 4, 2005, which rate was an annualized rate of approximately 18 percent. In addition, the court believes it appropriate to use comparables where the alleged comparable has a feature, such as a garage, that is easily quantifiable for purposes of adjustment. The court is skeptical about the viability of the $255,000 comparable that was used by the debtors' appraiser.

In sum, the court is persuaded that the value of the residence as of March 4, 2005, was $390,000.

As a consequence of the determination that the value is $390,000, the judgment lien in favor of South Tahoe Plumbing, Inc., will be avoided in its entirety. The judgment lien in favor of Lennox Industries, Inc., to the extent it exceeds $24,244.87, will be avoided. The judgment lien in favor of JT Roadrunner will not be avoided.

Appropriate orders will issue.

Dated: January 11, 2006.

_____
UNITED STATES BANKRUPTCY JUDGE

Case 05-22372    Filed 01/11/06    Doc 104

## CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Gary Ray Fraley
2862 Arden Way #205
Sacramento, CA 95825

Candy Dahl
Dahl & Dahl
2304 N Street
Sacramento, CA 95816-5716

Dated: 1·12·06

_Kelly Viller_
DEPUTY CLERK